## KANAKANUI *vs.* MANINI.

APPEAL FROM EWA DISTRICT COURT. BEFORE McCULLY, J.

DECISION RENDERED AUGUST 20, 1890. NOT HITHERTO REPORTED.

The right to impound animals for trespass is altogether a statutory right.

There is no statutory authority for impounding animals trespassing upon the public roads.

### DECISION OF McCULLY, J.

The principal defendant impounded certain animals running on the public roads of Ewa, by order of A. J. Campbell, the Chairman of the Road Board of that district.

The right to impound animals for trespass is altogether a statutory right and must follow the Statute of the country.

Our Statute, Chapter XXXV. of the Acts of 1888, gives the right of impounding only to land owners. Section 9, "The owner of the animal shall pay the owner of the land" trespassed upon. Section 10 uses the expression, "The owner of such land." Section 11 speaks of "land owners," so Sections 12 and 16, and no other persons are designated. No officers are designated as having authority to impound animals, only the owners of land trespassed upon, the land owned or held by them. There is no provision for trespass upon public land or roads anywhere in this Statute.

There is a Legislative interpretation of the right to impound by the Act of 1864, found at page 56 of the Compiled Laws, by which the Governor of Oahu was authorized by the Statute of 1864 to cause all cattle trespassing on roads in the city of Honolulu to be impounded. The authority was limited to the Governor of Oahu and to the city of Honolulu. That Act has been repealed and there is no Act which takes its place.

Looking through the powers and duties of the Minister of the Interior, I find nothing that authorizes him to impound animals for trespass upon the public property. The Statute constituting the Road Boards gives them "entire charge and control of

the public labor on all roads, bridges and public highways" within their respective districts, but it goes no further; it does not give them a general charge of the roads to keep them in any way, to keep them in order; it is a charge of the labor on the roads.

The Minister of the Interior controls the appointment and removal of the Road Boards, but not their acts, and they not being authorized, as I find, to arrest animals running at large upon the roads in their districts, the Minister of the Interior could not authorize them to do so.

I find therefore that the act of impounding was illegal. It was done in good faith and with a good intention and a supposed legal authority on the part of the Chairman of the Road Board, and by the plaintiff was made a test case. There is no evidence to support the large judgment awarded by the District Court. There were four animals impounded, and I award damages of one dollar per head,—four dollars. I regret that there is no statutory authority for taking up animals on the roads of the Kingdom.

*J. M. Kaneakua*, for plaintiff.
*Cecil Brown*, for defendant.

